1

2

3

4

5

6

7

8                               **UNITED STATES DISTRICT COURT**

9                               **EASTERN DISTRICT OF CALIFORNIA**

10

11   ROSENDO BUENO,                        )   Case No.: 1:21-cv-01522-SAB (PC)
                                           )
12            Plaintiff,                    )
                                           )   ORDER DIRECTING CLERK OF COURT TO
13        v.                                )   RANDOMLY ASSIGN A DISTRICT JUDGE TO
                                           )   THIS ACTION
14   CHRISTIAN PFEIFFER, et al.,            )
                                           )   FINDINGS AND RECOMMENDATIONS
15            Defendants.                   )   RECOMMENDING DISMISSAL OF ACTION
                                           )   FOR FAILURE TO STATE A COGNIZABLE
16                                          )   CLAIM FOR RELIEF
                                           )
17                                          )   (ECF No. 5)

18        Plaintiff Rosendo Bueno is appearing pro se in this civil rights action pursuant to 42 U.S.C. §

19   1983.

20        Currently before the Court is Plaintiff's first amended complaint, filed December 6, 2021.

21                                          **I.**

22                               **SCREENING REQUIREMENT**

23        The Court is required to screen complaints brought by prisoners seeking relief against a

24   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

25   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

26   "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[]

27   monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); see

28   also 28 U.S.C. § 1915A(b).

                                            1

1    A complaint must contain "a short and plain statement of the claim showing that the pleader is

2   entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

3   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

4   do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly,

5   550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally

6   participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir.

7   2002).

8    Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally

9   construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121

10  (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible,

11  which requires sufficient factual detail to allow the Court to reasonably infer that each named

12  defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service,

13  572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not

14  sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying

15  the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

16                                      **II.**

17                          **SUMMARY OF ALLEGATIONS**

18   The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the

19  screening requirement under 28 U.S.C. § 1915.

20   On or around July 26, 2019, in preparation of his disciplinary hearing, Plaintiff submitted a

21  GA-22 Form to the Senior Hearing Officer (SHO) requesting for the video surveillance footage to be

22  made available at his hearing.  Plaintiff never received a response.

23   On or around July 27, 2019, Plaintiff was served with a written notice of a Rules Violation

24  Report (RVR) for delaying a peace officer in the performance of his duties.  Plaintiff requested the

25  video surveillance to be made available at his hearing, but he never received a response to this request.

26   On July 29, 2019, the disciplinary hearing in regards to the excessive contact with visitor RVR

27  was convened by Defendant Velasco, as the SHO.  During the hearing, Plaintiff put Velasco on notice

28  that he was seeking to present the video records to prove that the alleged violation did not occur.

                                        2

1  Defendant Velasco ignored the request for the video surveillance footage.  Plaintiff was denied due

2  process because he was unable to present evidence and the failure to review the video footage was

3  unjustified.  Despite these circumstances, the SHO held that Plaintiff failed to present any evidence on

4  his behalf which could provide any mitigation.  Plaintiff was found guilty based on the preponderance

5  of the evidence.  Plaintiff was assessed a loss of 30 days good time credit and his visitation privileges

6  were suspended for 90 days.

7         On July 31, 2019, a disciplinary hearing was convened by Defendant SHO A. Martinez with

8  regard to Plaintiff's RVR for delaying a peace officer.  Plaintiff was not called to attend the

9  disciplinary hearing nor was he aware that the hearing took place.  Defendant Martinez documented

10  that Plaintiff declined to make a statement.  Defendant Martinez found Plaintiff guilty based on

11  information not described in the written notice.  Defendant Martinez claimed he relied on an RVR

12  authored by officer G. Hunter which states he was informed by officer Gonzales that Plaintiff's visit

13  was being terminated due to excessive touching and his visitor was leaving immediately.  The officer

14  proceeded to open the visiting room door and gave Plaintiff a moment to say goodbye.  After five

15  minutes, Hunter claims that Gonzales told Plaintiff that he had other tasks to perform and his time to

16  say goodbye was over.  Hunter said Plaintiff continued talking to his visitor and another five minutes

17  elapsed.  Martinez stated that Plaintiff failed to present on his behalf, and Plaintiff should have

18  reasonably known that officer Avalos was performing or attempting to perform his duties.

19         The written notice of the RVR at no point suggest, implies or accuses Plaintiff in delaying

20  officers Gonzales or Avalos.  The reporting officer that accused Plaintiff was in fact officer Garrett.

21  Officer Garrett's written notice of the RVR was never mentioned during the disciplinary hearing for

22  which Plaintiff was charged.  Defendant Martinez also made no mention of Plaintiff's request for

23  video footage which would have corroborated Plaintiff's defense that he did not violate prison

24  regulations.  Plaintiff was subsequently deprived of 90 days good time credits.  Plaintiff only became

25  aware of the Martinez's hearing after receiving his disciplinary hearing results, learning for the first

26  time he was found guilty.

27

28

3

1        On or around August 28, 2019, Plaintiff lost his job, was expelled from self-help classes,

2 prohibited from going to main recreational yard to exercise, lost telephone privileges, reduction in

3 spending money, and was expelled from college courses.

4 **III.**

5 **DISCUSSION**

6 **A.      Due Process-Rules Violation Reports**

7        "[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his

8 confinement. He must seek federal habeas corpus relief (or appropriate state relief) instead."

9 Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (citations and internal quotation marks omitted). In Heck

10 v. Humphrey, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that to recover

11 damages for "harm caused by actions whose unlawfulness would render a conviction or sentence

12 invalid," a § 1983 plaintiff must prove that the conviction or sentence was reversed, expunged, or

13 otherwise invalidated. This "favorable termination rule" preserves the rule that federal challenges,

14 which, if successful, would necessarily imply the invalidity of confinement or its duration, must be

15 brought by way of petition for writ of habeas corpus, after exhausting appropriate avenues of relief.

16 Muhammad v. Close, 540 U.S. 749, 750-751 (2004).  Accordingly, "a state prisoner's § 1983 action is

17 barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter

18 the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if*

19 success in that action would necessarily demonstrate the invalidity of confinement or its duration."

20 Wilkinson, 544 U.S. at 81-82.

21        While claims challenging the conditions of an inmate's confinement are cognizable under

22 Section 1983, an inmate's challenges to the fact or duration of confinement, which seek a speedier

23 release from custody, sound only in habeas. Heck, 512 U.S. 477; Preiser v. Rodriguez, 411 U.S. 475,

24 500 (1973); see also Wilkinson, 544 U.S. at 78 (A "prisoner in state custody cannot use a § 1983

25 action to challenge 'the fact or duration of his confinement.' " (citation omitted)). Under the

26 "favorable termination doctrine," the district court must dismiss a state prisoner's Section 1983 claim

27 for damages if "judgment in favor of the plaintiff would necessarily imply the invalidity of his

28 conviction or sentence ... unless the plaintiff can demonstrate that the conviction or sentence has

4

1    already been invalidated." Heck, 512 U.S. at 486-87.duration of time to be served; Nonnette v. Small,

2    316 F.3d 872, 875 (9th Cir. 2002), and if the restoration of those credits "necessarily" would "affect

3    the duration of time to be served." Muhammed, 540 U.S. at 754; see also Nettles v. Grounds, 830 F.3d

4    922, 929 n.4 (9th Cir. 2016) (en banc) ("Heck applies only to administrative determinations that

5    'necessarily' have an effect on 'the duration of time to be served[,]' " (citations omitted).

6            Prisoners do not have a liberty interest in being free from false accusations of misconduct. This

7    means that the falsification of a report, even when intentional, does not alone give rise to a claim under

8    § 1983. Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) ("The prison inmate has no

9    constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may

10   result in the deprivation of a protected liberty interest."); Buckley v. Gomez, 36 F. Supp. 2d 1216,

11   1222 (S.D. Cal. 1997) (stating that "a prisoner does not have a constitutional right to be free from

12   wrongfully issued disciplinary reports[ ]").

13           Plaintiff is also advised that violations of state prison rules and regulations, such as section

14   54100.20.3, without more, do not support any claims under § 1983. Ove v. Gwinn, 264 F.3d 817, 824

15   (9th Cir.2001); Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir.1997). Only if the events

16   complained of rise to the level of a federal statutory or constitutional violation may Plaintiff pursue

17   them under § 1983. Patel v. Kent School Dist., 648 F.3d 965, 971 (9th Cir.2011); Jones v. Williams,

18   297 F.3d 930, 934 (9th Cir.2002).

19           Here, Plaintiff challenges two RVRs for excessive contact with a visitor and delaying a peace

20   officer which resulted in the loss of good time credits.  Because reversal of the RVR findings would

21   necessarily result in a restoration of good time credits, it would also necessary affect the duration of

22   Plaintiff's confinement. Therefore, it is not cognizable in a section 1983 action, and the instant action

23   must be dismissed, without prejudice, for failure to state a cognizable claim for relief without further

24   leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc); Cato v.

25   United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his

26   or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies

27   of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448

28   (9th Cir. 1987)).

5

**IV.**

**ORDER AND RECOMMENDATION**

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that the instant action be dismissed, without prejudice, for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.

Dated:    **December 15, 2021**

_____

UNITED STATES MAGISTRATE JUDGE